William B. WARREN, et al., Plaintiffs,

v.

Salvador TACHER, et al., Defendants.

No. 3:99–CV–806–R.

United States District Court,
W.D. Kentucky,
at Louisville.

June 2, 2000.

C. Fred Partin, Louisville, KY, Charles C. Mihalek, Lexington, KY, for plaintiffs.

David T. Klapheke, Noehl, Stopher & Graves, Louisville, KY, Jeffrey W. Willis, Rogers & Hardin, Atlanta, GA, for defendant.

## MEMORANDUM OPINION

RUSSELL, District Judge.

This matter is before the Court on Petitioners, William B. Warren, Jennifer B. Warren, and Warren Technology, Inc.'s petition to confirm in part and to vacate in part the National Association of Securities Dealers, Inc. ("NASD") Arbitration Award No. 97–04772. The respondents are Salvador Tacher, Steven Vornea and Bear, Stearns & Co., Inc. The petitioners and Bear, Stearns have filed memorandums of law supporting their positions, as well as responses.

### I.

The underlying dispute in the arbitration proceeding involved Petitioners' losses in a brokerage account they maintained with the firm Kensington Wells, Inc. Kensington Wells has been characterized as a "boiler room" by Petitioners. It was in business from July 1992 to November 1996 when it suddenly closed, transferred all accounts to another broker-dealer, and filed for a withdrawal of its securities broker-dealer license. Petitioners allege that misconduct by employees of Kensington Wells, including Respondents Tacher and Vornea, caused their losses.

Through a fully disclosed agreement with the introducing broker Kensington Wells, Respondent Bear Stearns acted as the clearing agent for Petitioners' account. Amended Rule 382 to the New York Stock Exchange, approved by the Securities and Exchange Commission, requires introducing and clearing firms to contractually allot various functions between themselves and to notify all customers in writing. Bear Stearns performed ministerial acts such as bookkeeping and mailing of confirmations and monthly statements. Bear Stearns claims that it was never responsible for the supervision of Kensington Wells employees or Petitioners' account.

Petitioners received a Rule 382 notice that Kensington Wells would be exclusively responsible for supervising all account activity. Petitioners signed a customer agreement that stated that they understood and agreed "that Bear Stearns Securities shall have no responsibility or liability to you for any acts or omissions of such other broker, its officers employees and agents."

Petitioners filed arbitration claims against all respondents and others not named in this lawsuit on September 23, 1997. In accordance with their written agreement, Petitioners submitted their Statement of Claim to arbitration at the NASD pursuant to the NASD Code of Arbitration Procedure. Petitioners and Respondents jointly and voluntarily submitted Petitioners statement of claim to NASD arbitration via the NASD's Uniform Submission Agreement. In the Submission Agreement, the parties agreed to abide by any award.

On March 16, 1998, Bear Stearns filed a motion to dismiss all claims. Petitioners filed a written response and the panel of arbitrators heard oral arguments on the motion. On July 15, 1998, the arbitration panel dismissed all claims against Bear Stearns. Petitioners settled with some of the remaining respondents. Tacher and Vornea never made an appearance at the arbitration hearing, held September 7 and 8, 1999 in Louisville. The arbitration panel issued an award for Petitioners and against Tacher and Vornea on September 20, 1999. It found Tacher and Vornea jointly and severally liable for $15 million in punitive damages and $4.7 million in compensatory damages. Tacher and Vornea are in bankruptcy proceedings and Tacher has been indicted for fraud. Petitioners admit that they are unlikely to see any of the award unless Bear Stearns is also found jointly and severally liable.

Petitioners filed this petition under federal and state law, seeking the Court to confirm the award as to Tacher and Vornea and to vacate the award dismissing Bear Stearnes. Vornea and Tacher have

never entered an appearance in this case and did not respond to Petitioners' claims.

## II.

■ As a preliminary matter, the petition is not time-barred. 9 U.S.C. § 12 requires parties to file a petition to vacate an arbitration award within 3 months of the *final* award. *See Harry Hoffman Printing, Inc. v. Graphic Communications Intl. Union, Local 261*, 912 F.2d 608, 614 (2d Cir.1990). Petitioners did file this suit within 3 months of the September 20, 1999 award.

The issue in this case is whether Petitioners are entitled to vacate the arbitration award because the arbitrator dismissed their claims against Bear Stearns prior to discovery and a full-blown evidentiary hearing. Arbitration awards may only be subject to limited judicial review under the Federal Arbitration Act. *See Decker v. Merrill Lynch* 205 F.3d 906 (6th Cir.2000). "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Paperworkers International Union v. Misco, Inc.*, 484 U.S. 29, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987). The Federal Arbitration Act enumerates the limited instances in which federal Courts may vacate an arbitration award:

> In either of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration ...
>
> (c) Where the arbitrators were guilty of misconduct in refusing ... to hear evidence pertinent and material to the controversy ...
>
> (d) Where the arbitrators exceed their powers, or so imperfectly executed them

that a mutual, final, and definite award upon the subject matter was not made.

9 U.S.C. § 10 (1996).

■ Petitioners claim that the arbitrators are guilty of misconduct and exceeding their powers because they dismissed the claims against Bear Stearns prior to discovery and an evidentiary hearing. Contrary to Petitioners' arguments, the arbitrators had the authority to decide and grant a pre-hearing motion to dismiss. The FAA and KRS 417.090 do not contain a mandatory hearing procedure, but permit the parties to agree on applicable procedures in their arbitration agreement. Courts have recognized the authority of NASD arbitrators to decide pre-hearing dismissals for failure to state a claim under the NASD Code. *See Prudential Securities, Inc. v. Dalton*, 929 F.Supp. 1411, 1417 (N.D.Okla.1996); *Max Marx Color & Chemical Co. Employees' Profit Sharing Plan v. Barnes*, 37 F.Supp.2d 248 (S.D.N.Y.1999). While the granting of such motions usually means that the arbitrator "refused to hear evidence," that, by itself, is insufficient to vacate the award. Petitioners must also show that the excluded evidence was material to the panel's determination and that the arbitrator's refusal to hear the evidence was so prejudicial that the party was denied fundamental fairness. *See* 9 U.S.C. § 10(c); *Campbell v. Cantor Fitzgerald & Co.*, 21 F.Supp.2d 341, 344 (S.D.N.Y.1998). In the instant case, Petitioners fail to show how any evidence that they would have obtained in discovery would overcome the panel's decision. Petitioners are not entitled to costly full-blown discovery when it would not change the outcome and the claim could be decided on a pre-hearing motion.

Furthermore, Petitioners did have a "hearing." Petitioners were given adequate opportunity to respond to Bear Stearns motion to dismiss and they did so. They were represented by counsel at oral arguments. Plaintiffs cite no authority that they are automatically entitled to a

full-blown evidentiary hearing following discovery, and the court is aware of none.

Petitioners also seek to vacate the award by claiming the arbitrators displayed a "manifest disregard for the law." To prove this theory, Petitioners must show that: 1) the arbitrators knew of a governing legal principle, yet refused to apply it or ignored it altogether and 2) the law ignored by the arbitrators was a well-defined, explicit and clearly applicable to the case. *See DiRussa v. Dean Witter Reynolds*, 121 F.3d 818, 821 (2nd Cir. 1997). "[M]anifest disregard of the law means more than a mere error in interpretation or application of the law." *Federated Dep't Stores, Inc. v. J.V.B. Indus., Inc.*, 894 F.2d 862, 866 (6th Cir.1990). The court will give great deference to the panel's determination of the legal issues.

The legal principle that Petitioners rely on is that NASD arbitrators lack the authority to dismiss claims without full-blown discovery and a full evidentiary hearing on the merits. As stated previously, the arbitrators do have such authority. Clearing firms are generally not responsible to customers for the actions of an introducing broker and do not owe fiduciary duties to the customer, and courts have confirmed pre-hearing dismissals on these grounds. *See, e.g., Stander v. Financial Clearing & Servs. Corp.*, 730 F.Supp. 1282 (S.D.N.Y.1990); *Carlson v. Bear, Stearns & Co.*, 906 F.2d 315 (7th Cir.1990). Petitioners have not demonstrated that they are entitled to overturn the award because of this narrow exception.

An appropriate order shall issue.

### ORDER

A petition having been filed, Respondent Bear Stearns having filed a response, and upon consideration by the Court,

**IT IS ORDERED:**

The petition of William B. Warren, Jennifer B. Warren and Warren Technology, Inc. as against Respondent Bear Stearns & Company Inc. is **DENIED** and **DISMISSED** with prejudice.

The petition as against Salvador Tacher and Steven Vornea is **GRANTED** and **DISMISSED** with prejudice. The NASD Arbitration Award No. 97–04772 is CONFIRMED.

This is a final and appealable order. There is no just cause for delay.