F I L E D
United States Court of Appeals
Tenth Circuit

OCT 31 2001

PATRICK FISHER
Clerk

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

DAVE SHELDON,

    Plaintiff-Appellant,

v.

JAY VERMONTY; CARMEN
VERMONTY; POWER PHONE,
INC., including all directors and
officers; NOAH STEINBERG;
GERSHON TANNENBAUM;
DR. ENRIQUE R. CARRION; TMC
AGROWORLD, INC., including all
directors and officers;
MONTECRISTI GROUP, including
all directors and officers;
MANHATTAN TRANSFER
REGISTRAR COMPANY, including
all directors and officers; HECTOR
CRUZ; JACK SAVAGE, individually
and as director and officer and all
directors and officers individually,
aka J. Wesley Savage; PRINCETON
RESEARCH,

    Defendants,

      and

CHARLES SCHWAB & CO., INC.;
OLDE DISCOUNT CORPORATION;
PRINCIPAL FINANCIAL,

    Defendants-Appellees.

No. 00-3337

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 98-CV-2277-JWL)**

Submitted on the briefs:

Darren K. Kearns of Overland Park, Kansas, for Plaintiff-Appellant.

Norman E. Siegel and Amy E. Bauman of Stueve Helder Siegel LLP, Kansas City, Missouri, for Defendants-Appellees Charles Schwab & Co., Inc. and Olde Discount Corporation.

Miriam G. Bahcall and Tanya Biller of Ungaretti & Harris, Chicago, Illinois, for Defendant-Appellee Principal Financial.

Before **EBEL** , **KELLY** , and **LUCERO** , Circuit Judges.

**LUCERO** , Circuit Judge.

Plaintiff Dave Sheldon ("Sheldon") appeals the district court's order confirming an arbitration award in favor of defendants Charles Schwab & Co., Inc. ("Schwab"), Olde Discount Corporation ("Olde Discount"), and Principal Financial ("Principal"), (collectively, the "broker-dealers"), and the district court's judgment dismissing his claims against defendants. Resolution of the case requires us to resolve a matter of first impression at the Circuit level: Does the

Code of Arbitration Procedure allow an arbitration panel to dismiss a claim with prejudice? Our jurisdiction arises under 9 U.S.C. § 16 and 28 U.S.C. § 1291. We affirm. [1]

I

Sheldon filed a complaint seeking damages from several individual defendants for alleged violations of federal and state securities laws, common law fraud, negligent misrepresentation, breach of fiduciary duty, unjust enrichment, and civil conspiracy. The basis of Sheldon's claims was his allegation that the individual defendants promoted an allegedly worthless stock, Power Phone, which he purchased from third-party brokers and dealers based on false information that was allegedly provided and disseminated by the individual defendants.

Sheldon subsequently filed an amended complaint joining the broker-dealers as defendants. Sheldon alleged that he purchased the Power Phone stock from the broker-dealers, and he sought to recover the damages he allegedly incurred as a result of the stock's subsequent loss in value. In response to a joint motion filed by the parties, the district court stayed all proceedings against the broker-dealers and ordered Sheldon to submit his claims against them to

---

[1] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).

arbitration.[2] Thereafter, Sheldon submitted his claims to arbitration before the National Association of Securities Dealers ("NASD").

In the statement of claim he filed in the arbitration, Sheldon alleged that the broker-dealers violated the Securities Act of 1933, the Securities Exchange Act of 1934, and the Kansas Securities Act in the course of selling shares of Power Phone. Sheldon also alleged liability under common-law theories of fraud, negligent misrepresentation, unjust enrichment, and breach of fiduciary duty. In response, the broker-dealers filed separate motions to dismiss Sheldon's claims for failure to state a claim. Sheldon filed oppositions to the motions to dismiss, and he also filed a motion for summary judgment. After hearing argument on the

---

[2] The district court subsequently dismissed Sheldon's claims against the individual defendants for failure to state a claim. On appeal, this court reversed the district court's dismissal of certain of Sheldon's claims against the individual defendants and remanded them to the district court for further proceedings. *See Sheldon v. Vermonty*, Nos. 99-3202, 99-3389, 2000 WL 1774038 (10th Cir. Dec. 4, 2000). Relying on the doctrine of offensive collateral estoppel, and the fact that he has asserted identical causes of action against both the individual defendants and the broker-dealers, Sheldon claims that the broker-dealers are collaterally estopped from challenging the propriety of the claims that have been remanded to the district court in the individual defendants' case. We disagree. As Sheldon himself admitted in pleadings he filed in the district court, while the claims are similar, this case involves a "separate and distinct forum for separate respondents, with separate facts and separate ways in which they have [allegedly] violated the law." (Aplee. Supp. App. at 164.) As a result, there is no identity of issues, and the doctrine of offensive collateral estoppel is inapplicable. *See Dodge v. Cotter Corp.*, 203 F.3d 1190, 1198-99 (10th Cir.) (holding that offensive collateral estoppel is inapplicable where there is no identity of issues), *cert. denied*, 531 U.S. 825 (2000).

broker-dealers' motions to dismiss from counsel for the parties during a telephonic hearing, the arbitration panel granted the motions, and dismissed all of Sheldon's claims with prejudice. Subsequently, the district court entered an order confirming the arbitration award, and it also entered a separate judgment dismissing Sheldon's claims. Sheldon is now appealing the district court's order and judgment.

II

Sheldon argues that the arbitration panel was required by NASD's Procedural Rules and Code of Arbitration Procedure, *see* NASD Manual, § 1000, *et seq.*, to permit discovery and hold an evidentiary hearing before it could dismiss his claims. According to Sheldon, the arbitration panel exceeded its authority in dismissing his claims with prejudice based solely on the allegations in his pleadings and the arguments of counsel at the telephonic hearing. Alternatively, Sheldon argues that, even if the arbitration panel has the authority to grant a motion to dismiss based solely on the pleadings, the arbitration panel erred in dismissing his claims because he adequately pled claims for relief against the broker-dealers under federal and Kansas law. [3] Because of these alleged errors

---

[3] Sheldon also argues that the arbitration panel erred in failing to consider his motion for summary judgment and in failing to hear argument on the motion at the telephonic hearing. Because we find that the arbitration panel

(continued...)

of the arbitration panel, Sheldon claims he was denied a fundamentally fair hearing and that the district court erred in refusing to vacate the arbitration panel's dismissal of his claims under § 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10.

In reviewing the district court's confirmation of the arbitration award, we review its factual findings for clear error and questions of law de novo. *Denver & Rio Grande W. R.R. v. Union Pac. R.R.*, 119 F.3d 847, 849 (10th Cir. 1997). However, "we must give extreme deference to the determination of the arbitration panel for the standard of review of arbitral awards is among the narrowest known to law." *Brown v. Coleman Co.*, 220 F.3d 1180, 1182 (10th Cir. 2000) (internal quotation omitted), *cert. denied*, 121 S. Ct. 1191 (2001).

Under § 10 of the FAA, a district court is only permitted to vacate an arbitration award if it finds that: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in the arbitrators; (3) the arbitrators were guilty of misconduct in refusing to postpone a hearing, in refusing to hear evidence, or in misbehaving in some other way; or (4) the arbitrators exceeded their powers or imperfectly executed them. 9 U.S.C.

---

[3](...continued)
properly granted the broker-dealers' motions to dismiss, we agree with the conclusion of the district court that Sheldon's motion for summary judgment was both irrelevant and implicitly denied.

§ 10(a)(1)-(4). We have also recognized "a handful of judicially created reasons" that a district may rely upon to vacate an arbitration award, and these include violations of public policy, manifest disregard of the law, and denial of a fundamentally fair hearing. *Denver & Rio Grande*, 119 F.3d at 849 (citations omitted). "Outside of these limited circumstances, an arbitration award must be confirmed," and "[e]rrors in either the arbitrator's factual findings or his interpretation[s] of the law . . . do not justify review or reversal. . . ." *Id.* (citations omitted).

None of the errors alleged by Sheldon are sufficient to require a reversal of the arbitration panel's dismissal of his claims. Although NASD's procedural rules do not specifically address whether an arbitration panel has the authority to dismiss facially deficient claims with prejudice based solely on the pleadings, there is no express prohibition against such a procedure. In addition, NASD's procedural rules expressly provide that "[t]he arbitrator(s) shall be empowered to award any relief that would be available in a court of law." NASD Manual, § 10214. Logically, this broad grant of authority should include the authority to dismiss facially deficient claims with prejudice, and we hold that a NASD arbitration panel has full authority to grant a pre-hearing motion to dismiss with prejudice based solely on the parties' pleadings so long as the dismissal does not deny a party fundamental fairness. This is the conclusion reached by two district

courts that have addressed this issue, and we agree with their analysis.        *See*

*Prudential Sec., Inc. v. Dalton*    , 929 F. Supp. 1411, 1417 (N.D. Okla. 1996);

*Warren v. Tacher*   , 114 F. Supp. 2d 600, 602-03 (W.D. Ky. 2000).        [4]

We also find that Sheldon was provided with a fundamentally fair

arbitration proceeding in that he was provided with the opportunity to fully brief

and argue the motions to dismiss, and there is no indication that the arbitration

panel engaged in any misconduct in conducting the arbitration proceeding.  As we

have previously recognized, "a fundamentally fair [arbitration] hearing requires

only notice, opportunity to be heard and to present      *relevant and material evidence*

*and argument before the decision makers. . . .*"       *Bowles Fin. Group, Inc. v. Stifel,*

*Nicolaus & Co.*  , 22 F.3d 1010, 1013 (10th Cir. 1994) (emphasis added).  In other

words, if a party's claims are facially deficient and the party therefore has no

relevant or material evidence to present at an evidentiary hearing, the arbitration

panel has full authority to dismiss the claims without permitting discovery or

holding an evidentiary hearing.  Moreover, as is the case with a dismissal under

Fed. R. Civ. P. 12(b)(6) for failure to state a claim, such a dismissal fully

---

[4]        In *Warren* , the district court affirmed an arbitration panel's dismissal
with prejudice.     *Warren* , 114 F. Supp. 2d at 603.  In    *Dalton* , the district court
recognized the authority of a NASD arbitration panel to dismiss facially deficient
claims, but, on the facts of the case, the court held that the plaintiff had stated a
claim for relief and that the panel was therefore guilty of misconduct in failing to
hold an evidentiary hearing.     *Dalton* , 929 F. Supp. at 1417-18.

disposes of the case, and it must therefore be with prejudice. *See Sherman v. Am. Fed'n of Musicians*, 588 F.2d 1313, 1314 (10th Cir. 1978) (citation omitted). [5]

Finally, the arbitration panel's decision that Sheldon failed to state a claim against the broker-dealers under federal or Kansas law was not based on a manifest disregard of the law. [6] *See ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1463 (10th Cir. 1995) (holding that "[m]anifest disregard of the law clearly means more than error or misunderstanding with respect to the law," and it requires a "willful inattentiveness to the governing law") (internal quotations omitted). To the contrary, the panel had ample grounds for finding that Sheldon failed to state a viable claim for relief.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

---

[5]    As a general matter, a party should be granted an opportunity to amend his claims prior to a dismissal with prejudice. Although the arbitration panel did not provide Sheldon with such an opportunity, he had previously filed amended pleadings in both the district court and the arbitration proceeding, and none of his amended pleadings cured the deficiencies in his claims. Sheldon has made no showing, beyond his conclusory allegations, that he could have stated viable causes of action against the broker-dealers if he had been granted yet another opportunity to amend his claims.

[6]    While the arbitration panel did not set forth the reasons for its dismissal of Sheldon's claims, it was not required to do so, and "we must confirm the [panel's] decision if a ground for the . . . decision can be inferred from the facts of the case." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12-13 (2d Cir. 1997) (internal quotations and citations omitted).