JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, James Reinglass, appeals from the decision of the Cuyahoga County Court of Common Pleas that granted the motion to confirm arbitration award of appellee, Morgan Stanley Dean Witter, Inc. ("Morgan Stanley"). For the reasons stated below, we affirm.
 {¶ 2} Our review of the record reflects the following procedural history in this case. On April 8, 2002, Reinglass commenced an arbitration proceeding against Morgan Stanley before the National Association of Securities Dealers ("NASD"). Reinglass's amended statement of claim alleged that he was the victim of a fraud perpetrated by Michael Webster, Sr. through Webster's businesses. More specifically, Reinglass states that he was persuaded to transfer all of his assets, including his approximately $500,000 in accounts with Morgan Stanley, to Webster under the guise of establishing an off-shore asset protection plan that never actually materialized. Reinglass claims (1) he paid excessive fees to Webster, (2) he paid fees to Webster's businesses and numerous other "professionals" that Webster retained, (3) Webster and others made substantial risky investments with Reinglass's money that resulted in substantial losses, and (4) Reinglass's accounts were depleted by $500,000. It is important to note that the arbitration claim was not brought against Webster. Rather, the claim was brought against Morgan Stanley, a broker with whom Reinglass maintained numerous accounts. Apparently, Webster accounts. Apparently, Webster was also a client of Morgan Stanley.
 {¶ 3} With respect to Morgan Stanley, Reinglass alleged that most of the assets at issue were under the control of Morgan Stanley; that Morgan Stanley acted at the instruction of Webster and his associates; and that the transfers, trades and losses were not authorized by Reinglass and occurred without Reinglass's knowledge and consent. Reinglass further alleged the following wrongful acts were committed by Morgan Stanley:
"(A) [Morgan Stanley] allowed Webster and others to transferfunds between [Reinglass's] accounts and Webster's accountswithout consulting [Reinglass] or obtaining his consent.
 "(B) [Morgan Stanley] allowed Webster and others to buy andsell stocks in [Reinglass's] accounts without consulting[Reinglass] and without obtaining [Reinglass's] consent.
 "(C) [Morgan Stanley] allowed Webster to change the addressesof [Reinglass's] accounts and to secret the accounts and the[losses] away from [Reinglass].
 "(D) [Morgan Stanley] failed to inform [Reinglass] of theactivities in his account."
 {¶ 4} Reinglass raised the following claims against Morgan Stanley: (1) federal securities fraud, (2) violation of anti-fraud provision under the Ohio Securities Act, (3) breach of fiduciary duty, (4) breach of contract, (5) negligence.
 {¶ 5} Morgan Stanley filed an answer claiming that Morgan Stanley did not take any action in Reinglass's account without authorization from Reinglass or persons authorized to act on his behalf and that Reinglass had voluntarily turned his assets over to Webster. Morgan Stanley essentially denied each of the claims raised by Reinglass. Morgan Stanley also filed a motion to dismiss on the grounds that Reinglass had failed to plead his claims with particularity and had failed to set forth claims upon which relief could be granted. Reinglass filed a brief in opposition and submitted a motion to adjourn and compel discovery that was not answered by Morgan Stanley.
 {¶ 6} The arbitration panel held a telephonic prehearing conference with the parties to hear oral arguments on the above motions. Upon the pleadings and arguments presented at the prehearing conference, the panel decided to grant Morgan Stanley's motion to dismiss and to dismiss Reinglass's claims in their entirety.
 {¶ 7} Following the award, Reinglass filed a complaint and motion to vacate the arbitration award in the common pleas court. Reinglass asserted that the panel had decided to dismiss his claims during a prehearing telephone conference that was held two weeks before the scheduled hearing date. Reinglass asserted that he had set forth valid claims for relief.
 {¶ 8} Morgan Stanley filed a brief in opposition to the motion to vacate, and it also filed a motion to confirm the arbitration award. Morgan Stanley argued that Reinglass was given the opportunity to respond to the motion to dismiss and a hearing on the motion. Therefore, Morgan Stanley claimed, Reinglass received a fundamentally fair process.
 {¶ 9} The trial court granted Morgan Stanley's motion to confirm without any opinion.
 {¶ 10} Reinglass filed this appeal, raising one assignment of error for our review: "ASSIGNMENT OF ERROR: The common pleas court failed to vacate an unlawful arbitration award."
 {¶ 11} It is well settled that a reviewing court's role in evaluating an arbitration award is narrow and limited. See Cityof Fostoria v. Ohio Patrolmen's Benevolent Ass'n,106 Ohio St.3d 194, 196, 2005-Ohio-4558; Miller v. Gunckle, 96 Ohio St.3d 359,362, 2002-Ohio-4932. Indeed, an arbitration award will not be easily overturned or modified. City of Fostoria,106 Ohio St.3d at 196. It is only when the arbitrator has overstepped the bounds of his or her authority that a reviewing court will vacate or modify an award. Id.
 {¶ 12} Judicial review of arbitration awards is narrowly circumscribed by R.C. 2711.10 and R.C. 2711.11. R.C. 2711.10 sets forth the limited situations under which an arbitration award may be vacated. That statutory section provides as follows:
"In any of the following cases, the court of common pleasshall make an order vacating the award upon the application ofany party to the arbitration if:
 {¶ 13} "(A) The award was procured by corruption, fraud, orundue means.
 "(B) There was evident partiality or corruption on the part ofthe arbitrators, or any of them.
 "(C) The arbitrators were guilty of misconduct in refusing topostpone the hearing, upon sufficient cause shown, or in refusingto hear evidence pertinent and material to the controversy; or ofany other misbehavior by which the rights of any party have beenprejudiced.
 "(D) The arbitrators exceeded their powers, or so imperfectlyexecuted them that a mutual, final, and definite award upon thesubject matter submitted was not made."
 {¶ 14} Reinglass claims he was denied due process because the arbitration panel failed to conduct an evidentiary hearing. He further states that he was not provided with a fundamentally fair hearing. He argues that the arbitration panel ignored the underlying facts, that the panel focused on the role of Morgan Stanley in the fraud, that the panel did not provide Reinglass the opportunity to present evidence and produce discovery on the issues raised by the panel, and that the panel evidenced bias by refusing to compel discovery. We find that Reinglass has failed to establish any statutorily permissible grounds for this court to vacate the arbitration award.
 {¶ 15} Although Reinglass asserts the panel based its decision upon its own independent logic, we decline to consider factual allegations and arguments that are not part of the record before us. Further, although Reinglass complains that he was not afforded an evidentiary hearing and was not given the benefit of full discovery, the arbitration panel was within its authority to grant grant a prehearing motion to dismiss based solely on the pleadings. See Sheldon v. Vermonty (10th Cir. 2001),269 F.3d 1202, 1206; Warren v. Tacher (W.D. KY 2000), 114 F.Supp.2d 600,602-603.
 {¶ 16} The record reflects that the panel dismissed Reinglass's claim upon the granting of the prehearing motion to dismiss filed by Morgan Stanley. In this motion, Morgan Stanley argued Reinglass failed to plead his claims with particularity and failed to set forth claims upon which relief could be granted.
 {¶ 17} It has been held that a NASD arbitration panel has full authority to grant a prehearing motion to dismiss with prejudice based solely on the parties' pleadings so long as the dismissal does not deny a party fundamental fairness. Sheldon,269 F.3d at 1206; Warren, 114 F.Supp.2d at 602-603. Thus, where a party's claims are facially deficient and the party therefore has no relevant or material evidence to present at an evidentiary hearing, an arbitration panel may dismiss the claims without permitting discovery or holding an evidentiary hearing.Sheldon, 269 F.3d at 1207. However, the converse may also be true. As found in Prudential Securities, Inc. v. Dalton (N.D. Cal. 1996), 929 F.Supp. 1411, 1417, "before an arbitration panel should be able to dismiss a claim for failure to state a claim upon which relief can be granted, the claim should be facially deficient." In Prudential Securities, the court found that because the claims in that case were not facially deficient, the claimant was entitled to offer entitled to offer evidence relevant to his claim to assure fundamental fairness. Id. at 1418.
 {¶ 18} Based on the foregoing, the issue in this case becomes whether Reinglass's claims were facially deficient. The claims and allegations in this case sound in fraud.
 {¶ 19} Fraud requires proof of the following elements: (1) a representation or, where there is a duty to disclose, omission of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance. Cohen v. Lamko, Inc. (1984)10 Ohio St.3d 167. In all averments of fraud, the circumstances constituting fraud must be stated with particularity. Civ. R.9(B).
 {¶ 20} "`There are usually three reasons cited for the requirement of particularity. First, particularity is required to protect defendants from the potential harm to their reputations which may attend general accusations of acts involving moral turpitude. Second, particularity ensures that the obligations are concrete and specific so as to provide defendants notice of what conduct is being challenged. Finally, the particularity requirement inhibits the filing of complaints as a pretext for discovery of unknown wrongs.' Korodi v. Minot (1987),40 Ohio App.3d 1, 4. Typically, the requirement of particularity includes `the time, place and content of the false representation, the fact misrepresented, and the nature of what was obtained or given as a consequence of the fraud.' Baker v. Conlan (1990),66 Ohio App.3d 454, 458." Carter-Jones Lumber Co. v. Denune (1999),132 Ohio App.3d 430, 433. Further, where a federal securities fraud claim is involved, as is the case here, it is not sufficient to merely allege with particularity that false statements or omissions were made. Rather, a plaintiff must allege that the statement or omission was made with scienter, which also must be pled with particularity.[1]
 {¶ 21} Upon our review, we find Reinglass failed to plead his claims with particularity so as to designate the misstatements or omissions alleged to constitute the fraud so that the defendant "was sufficiently apprised of the specific claims." Reinglass alleges that Morgan Stanley allowed funds to be transferred and stocks to be bought and sold in his accounts without consulting Reinglass, yet there is no reference to the time, place, and specific content of the transactions or fraudulently omitted matter. Reinglass further claims Morgan Stanley failed to inform him of activities in his account, but no specific activities are referenced. Also, although Reinglass argues that his claims are based on omissions by Morgan Stanley as opposed to affirmative misrepresentations, regardless of the nature of the fraud, the claims are not pled with particularity. No specific transfers are designated, and no particularity is set forth as to scienter and the other elements of fraud.
 {¶ 22} Accordingly, we conclude Reinglass was afforded fundamental fairness, and the arbitration panel acted within the bounds of its authority in dismissing Reinglass's claim.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MCMonagle, J., and Blackmon, J., concur.
[1] A complaint alleging fraudulent violations of section 10(b) and Rule 10b-5 must satisfy the particularity requirement of Federal Rule of Civil Procedure 9(b). Decker v. Massey-Ferguson,Ltd. (2d Cir. 1982), 681 F.2d 111, 114; see, also, Fed.R.Civ.P.9(b) (allegations of fraud must be pled with, particularity). Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder prohibit "fraudulent, material misstatements or omissions in connection with the sale or purchase of a security."Morse v. McWhorter (6th Cir. 2002), 290 F.3d 795, 798. In order to state a claim pursuant to Section 10(b) and Rule 10b-5, "a plaintiff must allege, in connection with the purchase or sale of securities, the misstatement or omission of a material fact, made with scienter, upon which the plaintiff justifiably relied and which proximately caused the plaintiff's injury." Hoffman v.Comshare, Inc. (In re Comshare Inc. Secs. Litig.) (6th Cir. 1999), 183 F.3d 542, 548.