**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 12, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

NAOMI A. STINSON, as a private attorney, ex rel, the United States of America, and as next friend of Glenn Horace Stinson,

Plaintiff-Appellant,

v.

ALLISON MAYNARD, an individual; ANGELA MARTIN, an individual; BILL O-BRIEN, an individual; BRINDA WHITE, an individual; BRYAN SLABOTSKY, an individual; CHARLES S. ROGERS, an individual; CHARLIE PRICE, an individual; CHRISTY BAKER, an individual; CLAIRE V. EAGAN, an individual; CLAUDIA CONNER, an individual; DAN WEITMAN, an individual; DAVID KINNEY, an individual; DAVID L. RUSSELL, an individual; DEBRA SCHWARTZ, an individual; DIANE L. SLAYTON, an individual; DON BROWN, an individual; DON SELF, an individual; DOROTHY BROWN, an individual; DOUGLAS L. JACKSON, an individual; E. EDD PRITCHETT, an individual; EDWARD CLYDE KIRK, an individual; ELIZABETH RYAN, an individual; ELIZABETH SCOTT, an individual; ELLEN PHILLIPS, an individual; FRANK H. SEAY, an individual; GAY ABSTON TUDOR, an individual; GLEN D. HAMMONDS, an individual; GRANT

No. 08-6238
(D.C. No. 5:07-CV-00387-WFD)
(W.D. Okla.)

MOAK, an individual; GREGORY K. FRIZZELL, an individual; GREGORY T. METCALFE, an individual; GRETCHEN HARRIS, an individual; H. DALE COOK, an individual; HEATH ROBINSON, an individual; JAMES BARWICK, an individual; JAMES H. PAYNE, an individual; JANE F. WHEELER, an individual; JANIS W. PRESLAR, an individual; JAY SCHNIEDERJAN, an individual; JENNIFER B. MILLER, an individual; JENNIFER DICKSON, an individual; JENNIFER STRICKLAND, an individual; JOANN STEVENSON, an individual; JOE HEATON, an individual; JOELLYN A. MCCORMICK, an individual; JOHN CRITTENDEN, an individual; JOHN DOE number one, an individual; JOHN DOE number two, an individual; JULIE BAYS, an individual; KAREN DIXON, an individual; KARL HAWKINS, an individual; KATHY BASS, an individual; KEELEY L. HARRIS, an individual; KELLY HUNTER BURCH, an individual; KEVIN MCCLURE, an individual; KIMBERLY WHITE, an individual; KINDY JONES, an individual; LEE R. WEST, an individual; LINDA K. SOPER, an individual; LISA MOLINSKY, an individual; LYNN C. ROGERS, an individual; MARC S. PATE, an individual; MARIANNE SMITH HARDCASTLE, an individual; MARTHA KULMACZ, an individual; MARY ANN ROBERTS, an individual; NEAL BRYAN, an

individual; NEAL LEADER, an individual; PHILLIP L. STAMBECK, an individual; PRESTON DRAPER, an individual; RALPH G. THOMPSON, an individual; RICHARD D. OLDERBAK, an individual; RICHARD MANN, an individual; ROBERT L. BARR, an individual; ROBERT SINGLETARY, an individual; ROBERT WHITAKER, an individual; ROBERT J. CAUTHRON, an individual; RONALD A. WHITE, an individual; RONALD G. FRANKLIN, an individual; SANDRA D. RINEHART, an individual; SCOTT BOUGHTON, an individual; SETH BRANHAM, an individual; SHERRY A. TODD, an individual; STEPHANIE JACKSON, an individual; STEPHEN KRISE, an individual; STEPHEN P. FRIOT, an individual; SUSAN C. STALLINGS, an individual; SUSAN K. NOLAND, an individual; SUSAN KRUG, an individual; SUSIE PRITCHETT, an individual; TERENCE C. KERN, an individual; THEODORE PEEPER, an individual; THOMAS L. TUCKER, an individual; THOMAS W. GRUBER, an individual; TIM LEONARD, an individual; TOM BALES, an individual; TOMMY HUMPHRIES, an individual; TREVOR HAMMONS, an individual; TRICIA L. EVEREST, an individual; VICKI MILES-LAGRANGE, an individual; W. A. EDMONDSON, an individual; WALTER JENNY, an individual; WAYNE JOHNSON, an individual; WHITNEY WEINGARTNER, an

individual; WILLIAM L. HUMES, an individual; WILLIAM R. HOLMES, an individual; DENNIS BANTHER, an individual; CATHY STOCKER, an individual; MARK A. MOORE, an individual; MONTI I. BELOT, a.k.a. "The Bee", an Individual; A. JOE FISH, an individual; DAVID HAWK, an individual; BARRY REILLY, an individual; ELDON DICKSON, an individual; SUSAN O. WILLIAMS, an individual; ANTHONY FELDER, an individual; DALE CHOATE, an individual; WANDA COLLIER, and JOHN DOE COLLIER, a married couple; REVA JEANNE LUBER, and JOHN LUBER, a married couple; BRAD THRASH, an individual; JOHN DOE number three, an individual; JOHN DOE number four, an individual; BEATRIX BARR, wife of Robert L. Barr,

Defendants-Appellees.

## ORDER AND JUDGMENT[*]

Before **TACHA**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Naomi A. Stinson appeals pro se the district court's dismissal of her action under Fed. R. Civ. P. 12(b)(6). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Ms. Stinson filed an amended complaint against 123 defendants, purporting to allege causes of action under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964(c), and 42 U.S.C. § 1983. She alleged in her amended complaint that all of the defendants were members of a syndicate of organized crime. She further stated that:

> [a]fter picking a convenient target, [David] Russell and the others will surreptitiously contact the target, then knowingly utter false evidence of indebtedness to the target with the intent to deceive the person and extort money and property from them. Documents used by Russell and co-conspirators are purported by Russell and Russell's co-conspirators to be genuine but are not because they have been falsely made or manufactured in their entirety.

R., Doc. 6 at 6. Ms. Stinson thereafter asserted that defendant Russell, on specified dates, uttered false documents constituting manufactured evidence of indebtedness through the United States mail. She also accused defendants Robert Barr, E. Edd Pritchett, Susie Pritchett, Bryan Slabotsky, Douglas Jackson, and Ronald Franklin of aiding and abetting "Russell's scam." *Id.* at 7.[1]

---

[1] Although there is no reference in her amended complaint to previous litigation, the district court surmised that Ms. Stinson's claims appear to relate to an action brought by the United States against Ms. Stinson, her husband, and their children, to recover a judgment for unpaid taxes and foreclosure tax liens. In that prior case, Judge David Russell, United States District Judge for the Western

(continued...)

Numerous defendants filed motions to dismiss Ms. Stinson's amended complaint, raising various theories. In its dismissal order, the court construed her amended complaint as attempting to raise RICO claims based on fraud. It noted that, other than in the case caption, plaintiff mentioned only a handful of the named defendants in her amended complaint, and she failed to specify how any defendant was involved in a racketeering enterprise. The court concluded that Ms. Stinson did not allege her fraud-based RICO claims with particularity, as required by Fed. R. Civ. P. 9(b). Therefore the court dismissed all claims against all defendants with prejudice under Rule 12(b)(6).[2] The court declined to allow Ms. Stinson another opportunity to amend her complaint, noting that her complaint was "vague, conclusory, and utterly incomprehensible," and that "[h]er later filings do not serve to clarify," but instead "only allowed her to add additional defendants and make further spurious claims without any factual averments to support an implication of criminal wrongdoing." R., Doc. 88 at 7.

---

[1](...continued)
District of Oklahoma and one of the defendants in this case, entered judgment in favor of the United States. Land belonging to the Stinsons was subsequently sold. When Mr. Stinson failed to vacate that property, state-court criminal proceedings were brought against him. Many of the defendants in this action were involved in the prior court proceedings involving the Stinsons. *See* R., Doc. 73 at 1-2.

[2]     Citing an additional basis for dismissal of Ms. Stinson's claims against some of the defendants, the court concluded that the allegations against the numerous judicial and prosecutorial defendants related to their exercise of official responsibilities, and therefore those defendants were entitled to absolute immunity.

"We review *de novo* a district court's decision on a Rule 12(b)(6) motion for dismissal for failure to state a claim." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). In doing so, we accept as true all well-pleaded allegations of the complaint and construe them in the light most favorable to the plaintiff. *See id.* We "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Id.* at 1215 n.2. "For [a] fraud claim, the pleading standard is higher: 'In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.'" *Pace v. Swerdlow*, 519 F.3d 1067, 1073 n.5 (10th Cir. 2008) (quoting Fed. R. Civ. P. 9(b)). We liberally construed Ms. Stinson's pro se pleadings. *See Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005).

Ms. Stinson raises several claims of error on appeal. First she asserts that the district court erred in dismissing her husband's complaint for false arrest and false imprisonment. Her second contention is that the district court misapplied the Federal Rules of Civil Procedure in dismissing her RICO claim. She argues that she was only required to include in her amended complaint a short and plain statement of her claim and why she was entitled to relief. Alternatively, she argues that the court should have applied the summary judgment standard because

-7-

the defendants failed to rebut her sworn testimony.  Finally, Ms. Stinson contends that the district court should have afforded her an opportunity to replead.[3]

Plaintiff's first contention is without merit.  The district court construed her amended complaint to allege RICO fraud-based violations.[4]  She points to nothing in that pleading that would support a claim based upon her husband's alleged false arrest or false imprisonment, nor do we find any such allegations in the amended complaint.  Ms. Stinson protests in her reply brief that her amended complaint incorporated all of the allegations from her original complaint.  But even if an incorporation by reference in an amended complaint were sufficient to carry through allegations included in an earlier pleading, we can identify no such allegations in her original complaint.

Regarding the district court's dismissal of her RICO claims, Ms. Stinson completely ignores the heightened pleading standard applicable to fraud claims under Rule 9(b).  Moreover, her contention that dismissal was improper because none of the defendants rebutted her "sworn testimony," Aplt. Opening Br. at 18,

---

[3]    Ms. Stinson does not challenge in her opening appeal brief the district court's construction of her RICO claims, its holding that she failed to allege facts with particularly in support of her fraud claims, or its holding regarding absolute immunity as applicable to some of the defendants.  As such, we deem those issues waived.  *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (holding omission of issue in opening brief "generally forfeits appellate consideration of that issue").

[4]    In an earlier order dismissing Ms. Stinson's claims against some of the defendants, the district court also construed her claims under 42 U.S.C. § 1983 as resting upon her RICO fraud-based allegations.  *See* R., Doc. 73 at 9.

misconstrues the court's function on a Rule 12(b)(6) motion, which "is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's *complaint alone* is legally sufficient to state a claim for which relief may be granted." *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006) (emphasis added). Thus, absent exceptions not applicable here, when considering a Rule 12(b)(6) motion, "a federal court may only consider facts alleged within the complaint." *County of Santa Fe v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1035 (10th Cir. 2002).

Finally, Ms. Stinson appears to argue that, because she is pro se, the district court should have granted her leave to file a second amended complaint. We review a district court's denial of leave to amend a complaint for an abuse of discretion. *See Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1362-63 (10th Cir. 1989). Plaintiff fails to address any of the district court's specific bases for denying her leave to amend. We note, as well, that the district court dismissed her RICO claims against some of the defendants in June 2007, because they failed to satisfy the heightened pleading requirements of Rule 9(b). Despite receiving notice via that order that her amended complaint was deficient, Ms. Stinson apparently chose to stand on that pleading until all her claims were dismissed on the same basis more than a year later. *See Sheldon v. Vermonty*, 269 F.3d 1202, 1207 n.5 (10th Cir. 2001) (holding dismissal with prejudice appropriate where plaintiff had already filed previous amended

pleadings that failed to cure the deficiencies in his claims). Ms. Stinson identifies no basis for this court to conclude that the district court abused its discretion in dismissing her amended complaint with prejudice.

We AFFIRM the district court's dismissal of plaintiff's claims under Fed. R. Civ. P. 12(b)(6) on the bases stated in the district court's dismissal order dated September 30, 2008. *See* R., Doc. 88. We DENY Ms. Stinson's motion to proceed *in forma pauperis* on appeal and remind plaintiff that she is responsible for the immediate payment of any unpaid balance of the appellate filing fee.

Entered for the Court


John C. Porfilio
Circuit Judge