FILED
United States Court of Appeals
Tenth Circuit

February 12, 2014

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

ADVISER DEALER SERVICES, INC.;
MEEDER ASSET MANAGEMENT,
INC.; MEEDER FINANCIAL, INC.,

      Petitioners-Appellees/
      Cross-Appellants,

v.

ICON ADVISERS, INC.; ICON
DISTRIBUTORS, INC.; ICON
MANAGEMENT & RESEARCH
CORPORATION,

      Respondents-Appellants/
      Cross-Appellees.

No. 13-1178 & 13-1187
(D.C. No. 1:12-CV-01104-REB)
(D. Colo.)

---

## ORDER AND JUDGMENT[*]

---

Before **LUCERO**, **SEYMOUR**, and **TYMKOVICH**, Circuit Judges.

---

This appeal and cross-appeal arise out of an arbitration proceeding before

the Financial Industry Regulatory Authority ("FINRA") between ICON Advisers,

Inc., ICON Distributors, Inc., and ICON Management & Research Corporation

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, or collateral estoppel. Although the
court generally disfavors the citation of an order and judgment, it may be cited for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(collectively "ICON"), and Adviser Dealer Services, Inc., Meeder Asset Management, Inc., Meeder Financial, Inc. (collectively "Meeder"), and Stephen C. Holmes. ICON appeals the district court's order vacating the arbitration panel's award to ICON of $164,170 in attorneys' fees, and Meeder cross-appeals the court's order upholding the panel's award to ICON of $250,000 in nominal damages.[1] We affirm in part and vacate in part.

Mr. Holmes was hired by ICON as a wholesaler in 1998 but eventually became an owner and executive officer in 2003. In 2009, an ICON internal investigation revealed problems with Mr. Holmes' management approach, and ICON decided he should be fired. Mr. Holmes requested that he be allowed to retire, and ICON agreed. While ICON searched for his replacement, Mr. Holmes continued to work as ICON Distributors' interim President and ICON Advisers' head of sales.

As a result of his transition to retirement, ICON and Mr. Holmes executed a Retirement Agreement, which specifically noted that "[i]n any action to enforce, interpret, or seek damages for violation of this Agreement, the prevailing Party shall recover all reasonable attorneys' fees, litigation expenses and costs." The Retirement Agreement incorporated by reference a Confidential Information, Inventions, and Non-Solicitation Agreement, which essentially forbade Mr.

---

[1] The arbitration panel awarded other damages to ICON that are not at issue on appeal.

Holmes from working with any of ICON's competitors for two years. The non-compete agreement also prohibited Mr. Holmes from using any of ICON's confidential information.

In light of a subsequent investigation into the conduct of one of Mr. Holmes' subordinates, Mr. Holmes left ICON in March 2010 under a separation agreement that did not alter the terms of his non-compete agreement. Meeder, a direct competitor of ICON, hired Mr. Holmes to act as its Senior Vice President of Sales and Marketing in April 2010. After several attempts by ICON to make Mr. Holmes comply with the non-compete agreement, the parties agreed to arbitrate their dispute. All parties to the dispute, including ICON, Meeder, and Mr. Holmes, signed FINRA Uniform Submission Agreements, stating that each agreed to be bound by FINRA's rules, by-laws, and Code of Arbitration Procedure.

ICON filed a Statement of Claim, alleging breach of contract against Mr. Holmes, tortious interference with a contract against Meeder, and interference with a prospective business relationship against both Mr. Holmes and Meeder. ICON sought, among other things, damages and attorneys' fees "pursuant to the Retirement Agreement and the Non-Compete Agreement . . . ." Aplt. App. at 27. Mr. Holmes and Meeder filed a Statement of Answer and Counterclaims, requesting the panel "award Respondents their *reasonable attorneys fees*, costs and expenses, forum fees and such further relief as the Panel may deem just and

proper." Aplt. App. at 65 (emphasis added). ICON filed an Answer to Respondents' Counterclaims, in which it requested "reasonable attorneys fees." Aplt. App. at 74. In addition, all the parties submitted affidavits for attorneys' fees to the panel.

In March 2012, the FINRA panel found Meeder jointly and severally liable and awarded ICON damages, including the $250,000 in nominal damages and $164,170 in attorneys' fees "pursuant to the terms of the Retirement Agreement" at issue here. Aplt. App. at 12. Meeder filed a motion to vacate the arbitration award in the district court, arguing that it was never a party to the Retirement Agreement and cannot be forced to pay attorneys' fees based on an agreement to which it was never a party, that ICON never requested attorneys' fees from Meeder, and that there was no support for the award of $250,000 in nominal damages. The district court confirmed the panel's award of $250,000 in nominal damages but vacated the award of $164,170 in attorneys' fees. It reasoned that Meeder was "not [a] part[y] to the Retirement Agreement," that ICON never requested attorneys' fees from Meeder "based on the Retirement Agreement," and that "attorney fees were payable only by the parties to the agreement." Aplt. App. at 71.

A district court may vacate an arbitration award only "for the reasons enumerated in the Federal Arbitration Act, 9 U.S.C. § 10, or for 'a handful of

judicially created reasons.'"[2] *Burlington N. & Santa Fe Ry. Co. v. Pub. Serv. Co. of Okla.*, 636 F.3d 562, 567 (10th Cir. 2010) (quoting *Sheldon v. Vermonty*, 269 F.3d 1202, 1206 (10th Cir. 2001)). These judicially created reasons "include violations of public policy, manifest disregard of the law, and denial of a fundamentally fair hearing." *Sheldon*, 269 F.3d at 1206. "In reviewing a district court order vacating an arbitration award, we review factual findings for clear error and legal determinations *de novo*." *Hollern*, 458 F.3d at 1172. But we "give extreme deference to the determination of the arbitration panel for the standard of review of arbitral awards is among the narrowest known to law." *Id.* (internal quotation marks and citation omitted). This narrow standard "has been interpreted to mean that 'as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.'" *Int'l Bhd. of Elec. Workers, Local Union No. 611, AFL-CIO v. Pub. Serv. Co. of N.M.*, 980 F.2d 616, 618 (10th Cir. 1992) (quoting *United Paperworkers Int'l*

---

[2] Section 10 of the Federal Arbitration Act allows a district court to vacate an arbitration award if: (1) "the award was procured by corruption, fraud, or undue means"; (2) "there was evident partiality or corruption in the arbitrators"; (3) the "arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced"; or (4) "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10.

*Union, AFL-CIO* v. *Misco, Inc.*, 484 U.S. 29, 38 (1987)).  "Once an arbitration award is entered, the finality of arbitration weighs heavily in its favor and cannot be upset except under exceptional circumstances."  *Burlington*, 636 F.3d at 567 (internal quotation marks and citation omitted).

On appeal, Meeder again contends ICON never requested attorneys' fees from Meeder "*pursuant to the Retirement Agreement or otherwise*," Aple. Br. at 17 (emphasis in original), and therefore the issue was never submitted to the panel.  Meeder also argues that because it was never a party to the Retirement Agreement, it cannot be bound by the panel's decision to award attorneys' fees based on that agreement.  We disagree.

FINRA guidelines expressly allow a panel to award attorneys' fees when "all of the parties request *or agree* to such fees."  Aplt. App. at 55 (emphasis added).  A submission agreement is considered to be a contract between the parties, which gives an arbitration panel authority to act.  *See Hollern v. Wachovia Sec., Inc.*, 458 F.3d 1169, 1174 (10th Cir. 2006) ("[I]ncorporating a document by reference into a contract makes that document an express part of the contract."  (citing *Plunkett v. Plunkett*, 624 S.E.2d 39, 42 (Va. 2006))).  "Arbitrators derive their authority from the parties' arbitration agreement," and "parties may extend that authority . . . in their submissions to the arbitrators so long as the submissions do not violate an express provision of the original arbitration agreement."  *Id.*

All parties to the dispute filed Submission Agreements, in which they each agreed to submit the "matter in controversy, as set forth in the attached statement of claim, answers, and all related cross claims, counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the FINRA By-Laws, Rules, and Code of Arbitration Procedure." Aplt. App. at 45-53. The agreements state that each party "agree[s] to abide by and perform any award(s) rendered pursuant to this Submission Agreement." *Id.* Both ICON and Meeder specifically requested attorneys' fees: ICON in its Statement of Claim and Answer to Respondents' Counterclaims, and Meeder in its Statement of Answer and Counterclaims. Where, as here, parties incorporate by reference their Statement of Claim and Answer, which both contain requests for attorneys' fees, into a Uniform Submission Agreement that states they agree "to submit all issues identified in those pleadings to arbitration, . . . the parties expressly empower[] the arbitrators to award attorneys' fees." *Hollern*, 458 F.3d at 1174.

Thus, the issue of attorneys' fees was submitted to the panel by agreement of the parties and the FINRA guidelines clearly gave the panel authority to rule on and award such fees. Meeder's argument that ICON never requested attorneys' fees is contradicted by the record. Moreover, "[i]t is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his." *United*

-7-

*Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 599 (1960).

Even assuming the panel erred in awarding attorneys' fees based specifically on the Retirement Agreement, we are not at liberty to overturn that decision. In line with the deferential standard of review, we have recognized that "[e]rrors in an arbitration panel's factual findings, or its interpretation and application of the law, do not justify vacating an award." *Hollern*, 458 F.3d at 1172. Because the arbitration panel had general authority pursuant to the Submission Agreements to award attorneys' fees, an erroneous reference to the Retirement Agreement as a basis for its award was merely an error of fact, which does not justify overturning the panel's award of attorneys' fees. We therefore hold the district court erred in vacating the award of attorneys' fees to ICON.

Meeder also appeals the district court's order upholding the panel's award of $250,000 in nominal damages to ICON. It contends that "[a]warding damages on a claim never submitted to the Panel clearly exceeded the authority of the Panel as set forth in the Submission Agreement[s]." Aple. Br. at 28. The district court held the nominal damages award was "ambiguous," stating:

> [O]ne possible interpretation is that the award is a general, undifferentiated award on the claims for tortious interference with existing and prospective business relationships, which general award is then followed by specific awards on each of those claims. If so construed, the award is within the purview of the authority granted by the parties to the Panel.

Aplt. App. at 71.

Whether or not we agree, "we are mindful of the strong presumption requiring all doubts concerning whether a matter is within the arbitrators' powers to be resolved in favor of arbitrability." *Hollern*, 458 F.3d at 1173. Accordingly, we affirm the district court's order upholding the panel's award of nominal damages to ICON.[3]

In sum, we REVERSE the district court's order vacating the panel's award to ICON of $164,170 in attorneys' fees, and AFFIRM the district court's order upholding the panel's award to ICON of $250,000 in nominal damages.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge

---

[3] ICON has also filed a Motion for Attorneys' Fees. We deny ICON's motion.