WHIPPLE, J.
 

 | ^Plaintiff, Mary P. Pennington, appeals the trial court judgment denying her motion to vacate an arbitration award rendered in favor of the defendants, CUNA Brokerage Services, Inc. (“CUNA”) and its registered representative, Brad F. Fortier, and dismissing her claims with prejudice. We reverse.
 

 BACKGROUND
 

 The dispute and resulting appeal arises out of losses Ms. Pennington sustained in investments made on her behalf in mutual stock funds offered by the defendants, and the district court’s denial of her motion to vacate the ruling of an arbitration panel. In late 1999, Ms. Pennington contacted Mr. Fortier to discuss the feasibility of taking her BellSouth Pension Plan’s early retirement benefit as a lump sum, rather than in monthly annuity payments, and investing the amount, approximately $172,000.00, in mutual funds offered by CUNA. Ms. Pennington completed the defendant’s questionnaire concerning her retirement income needs and the proper asset allocation mix for her retirement portfolio.
 

 On June 28, 2000, plaintiff entered into a brokerage agreement and opened an IRA account with the defendants, CUNA and Brad Fortier. The brokerage agreement provides for arbitration of disputes according to the rules and procedures of the National Association of Security Dealers, Inc. (“NASD”).
 
 [1]
 
 Subsequently, Ms. Pen
 
 *174
 
 nington invested the lump sum early retirement benefit that she received from her employer in mutual funds offered by the defendants. Thereafter, Ms. Pennington alleges, she suffered significant losses.
 

 On June 17, 2006, Ms. Pennington initiated arbitration against the defendants, contending in her statement of claim (“SOC”) that the defendants were liable for her losses due to their breach of contract, breach of fiduciary duty and | ^negligence. In March of 2007, the defendants filed a motion to dismiss the arbitration, urging that Ms. Pennington’s claims had prescribed pursuant to the one-year prescriptive period for torts set forth in LSA-C.C. art. 3492. Alternatively, the defendants requested that the arbitration panel dismiss those portions of the claim that were time-barred by any other applicable prescriptive periods.
 

 Ms. Pennington opposed the motion to dismiss, arguing that Louisiana’s prescriptive periods only apply to actions instituted in courts and do not apply to Louisiana arbitrations. In addition, Ms. Pennington argued that the NASD six-year eligibility rule governs and determines whether a claim is timely submitted for arbitration in the absence of a specific agreement between the parties or a statute applying state prescriptive periods to the arbitration. The defendants argued that the NASD six-year eligibility rule does not prevent statute-of-limitation defenses in arbitration proceedings as the NASD manual includes a provision that the eligibility rule shall not extend applicable statutes of limitations. In addition, the defendants contended that the NASD Arbitrator’s manual addresses this rule in its prehear-ing section on motions to dismiss and cautions arbitrators to be aware that a statute of limitations may preclude the awarding of damages even where the claim is facially eligible for submission to arbitration under NASD rules.
 

 On April 30, 2007, the arbitration panel (the “panel”) considered the defendants’ motion to dismiss at a pre-hearing “conference” conducted by telephone. By majority decision, with one member dissenting, the panel found “that the claims asserted by Claimant are each time barred by an applicable statute of limitations.” The majority also found “no genuine issue of material fact to be presented by trial” and granted the defendants’ motion to dismiss Ms. Pennington’s claims “in their entirety with prejudice.” Ms. Pennington filed a motion to vacate the arbitration award with the Twenty-Second Judicial District Court, raising [4statutory and non-statutory grounds based on the panel’s allegedly erroneous application of Louisiana prescriptive periods to the claims and the panel’s failure to comply with its own rules and conduct a full evidentiary hearing on the merits of her claim. The trial court denied Ms. Pennington’s motion to vacate.
 

 Ms. Pennington appeals, asserting the following assignments of error:
 

 1. The trial court committed legal error in failing to vacate the award pursuant to LSA-R.S. 9:4210(D) where the arbitration panel exceeded its power by applying Louisiana prescriptive periods to an arbitration; or alternatively, by applying Louisiana’s one-year prescriptive period instead of Louisiana’s ten-year prescriptive period.
 

 2. The trial court committed legal error in failing to vacate the award where the arbitration panel manifestly disregarded the law where it applied Louisiana’s one-year prescriptive period instead of Louisiana’s ten-year prescriptive period as the applicable statute of limitations for Ms. Pennington’s claims.
 

 
 *175
 
 3. The trial court committed legal error in failing to vacate the award pursuant to LSA-R.S. 9:4210(C) where the arbitration panel was guilty of misconduct in refusing to hear evidence pertinent and material to the controversy.
 

 DISCUSSION
 

 In her third assignment of error, Ms. Pennington challenges the conduct of the arbitration panel, contending that the pre-hearing conference did not afford her a fundamentally fair hearing as there was no opportunity to present evidence or witnesses and expert witness testimony. In addition, Ms. Pennington contends that the parties, by contract, agreed to arbitrate their dispute in accordance with NASD rules. Noting that the agreement incorporates NASD Rule 10303(a), which requires an evidentiary hearing unless waived by the parties, Ms. Pennington contends the panel acted improperly, as she did not waive this requirement. In further support, Ms. Pennington notes that the dissenting arbitrator specifically 15cited NASD Rule 10303(a) as one of the reasons for his dissent.
 
 [2]
 
 Ms. Pennington contends that the panel’s failure to provide her an evidentiary hearing pursuant to NASD Rule 10303(a) prejudiced her as she was not afforded an opportunity to present pertinent and material evidence to support her claims.
 

 Conversely, the defendants assert that the district court’s judgment should be affirmed because dismissing time-barred claims pursuant to a motion to dismiss considered at a pre-hearing conference does not constitute a statutory ground for vacating an arbitration award. They also contend that the NASD hearing rule does not require a full evidentiary hearing and that the parties fully briefed the issues to the panel and presented oral arguments at the pre-hearing conference proceeding, which sufficiently provided Ms. Pennington with a fundamentally fair hearing and satisfied the NASD rule.
 

 Because of the strong public policy favoring arbitration, arbitration awards are generally presumed to be valid.
 
 MMR-Radon Constructors, Inc. v. Continental Insurance Company,
 
 1997-0159 (La.App. 1st Cir. 3/3/98), 714 So.2d 1, 5,
 
 writ denied,
 
 1998-1485 (La.9/4/98), 721 So.2d 915. The statutory grounds for vacating an arbitration award are found in LSA-R.S. 9:4210 as follows:
 

 In any of the following cases the court in and for the parish wherein the award was made shall issue an order vacating the award upon the application of any party to the arbitration.
 

 A. Where the award was procured by corruption, fraud, or undue means.
 

 B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
 

 C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.
 

 DP. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
 

 Where an award is vacated and the time within which the agreement required the award to be made has not expired, the
 
 *176
 
 court may, in its discretion, direct a rehearing by the arbitrators.
 

 It is well settled that a court ordinarily does not sit in an appellate capacity to an arbitration panel, but confínes its determinations to whether there exists one or more of the specific grounds for impeachment as provided by the statute.
 
 MMR-Radon Constructors, Inc.,
 
 714 So.2d at 5. Moreover, absent the existence of one of the specified grounds for vacating an arbitration award, the reviewing court is prohibited from reviewing the merit s of the arbitrator’s decision.
 
 Wittich v. Wittich, 200
 
 6-418, p. 7 (La.App. 5th Cir.11/28/06), 948 So.2d 195, 198. Thus, the grounds listed in LSA-R.S. 9:4210 do not include errors of law or fact, which are insufficient to invalidate an award fairly and honestly made.
 
 See St. Tammany
 
 Manor;
 
 Inc. v. Spartan Building Corporation,
 
 509 So.2d 424, 427 (La.6/22/87);
 
 JK Developments, LLC v. Amtek of Louisiana, Inc.,
 
 2007-1825, p. 3 (La.App. 1st Cir. 3/26/08), 985 So.2d 199, 201
 
 writ denied,
 
 2008-0889 (La.6/20/08), 983 So.2d 1276 (citing
 
 National Tea Co. v. R.R. Richmond,
 
 548 So.2d 930, 933 (La.9/12/89)).
 

 Although arbitration proceedings are not held to the same strict rules as are the courts, nonetheless, an arbitrator must be vigilant in affording basic due process requirements.
 
 See Montelepre v. Waring Architects,
 
 2000-0671, 2000-0672, p. 5 (La. App. 4th Cir.5/16/01), 787 So.2d 1127, 1131-32. The first and foremost requirement is the opportunity to present evidence and to be heard.
 
 Pittman Construction Company, Inc. v. Pittman,
 
 1996-1498, 1996-1079 (La.App. 4th Cir.3/12/97), 691 So.2d 268, 274,
 
 writ denied,
 
 1997-0960 (La.5/16/97), 693 So.2d 803. The appellate court’s function is to determine if the arbitration proceedings have been fundamentally fair.
 
 Montelepre,
 
 2000-0671, 2000-0672 at |7p. 5, 787 So.2d at 1131. The standard of review of arbitration procedures is whether a party to an arbitration has been denied a fundamentally fair hearing.
 
 In re Arbitration Between U.S. Turnkey Exploration, Inc. and PSI, Inc.,
 
 577 So.2d 1131, 1135(La.App. 1st Cir.),
 
 writ denied,
 
 580 So.2d 676 (La.1991).
 

 The parties have not provided any Louisiana state cases specifically addressing the particular issue of what constitutes due process in the context of a pre-hearing disposition and dismissal for failure to state a cognizable claim. However, because of the strong and substantial similarities between our state arbitration provisions and the federal arbitration law, we may look to the federal jurisprudence to provide guidance in the interpretation of our state arbitration provisions.
 
 See Aguillard v. Auction Management Corp.,
 
 2004-2804, 2004-2857 (La.6/29/05), 908 So.2d 1,18.
 

 The defendants cite
 
 Sheldon v. Vermonty,
 
 269 F.3d 1202 (10th Cir.10/31/01) as support for affirming the dismissal of plaintiffs claims. In
 
 Sheldon,
 
 the arbitration claimant’s SOC alleged fraud, negligent misrepresentation, unjust enrichment and breach of fiduciary duty.
 
 Sheldon,
 
 269 F.3d at 1205. In response, the defendants filed separate motions to dismiss plaintiffs claims for failure to state a claim.
 
 Id.
 
 After hearing arguments on the motions to dismiss from the parties’ counsel, the arbitration panel granted the motions and dismissed all of the plaintiffs claims with prejudice.
 
 Id.
 
 The district court confirmed the arbitration award and also entered a separate judgment dismissing the plaintiffs claims.
 
 Id.
 

 On appeal, the
 
 Sheldon
 
 claimant argued that NASD procedural rules required the arbitration panel to permit discovery and hold an evidentiary hearing before it could dismiss his claims.
 
 Id.
 
 He argued that the arbitration panel exceeded its authority in
 
 *177
 
 dismissing his claims based solely on the allegations in his pleadings and the arguments of counsel at a telephonic hearing and that these errors denied him a fundamentally fair hearing.
 
 Sheldon,
 
 269 F.3d at 1205-06.
 

 |sThe
 
 Sheldon
 
 court concluded that although the NASD’s procedural rules do not specifically address whether an arbitration panel has the authority to dismiss facially deficient claims with prejudice based solely on the pleadings, there is no express prohibition against such a procedure.
 
 Sheldon,
 
 269 F.3d at 1206. In addition, the
 
 Sheldon
 
 court concluded that the NASD’s procedural rules expressly provide that the arbitrators shall be empowered to award any relief that could be available in a court of law and this logically included the authority to dismiss facially deficient claims with prejudice.
 
 Id.
 
 Accordingly, the
 
 Sheldon
 
 court held that an NASD arbitration panel has full authority to grant a pre-hearing motion to dismiss with prejudice based solely on the parties’ pleadings so long as the dismissal does not deny a party fundamental fairness.
 
 Sheldon,
 
 269 F.3d at 1206.
 

 As defendants correctly note, the
 
 Sheldon
 
 court found that if a party’s claims are facially deficient and the party therefore has no relevant or material evidence to present at an evidentiary hearing, the arbitration panel has full authority to dismiss the claims without permitting discovery or holding an evidentiary hearing.
 
 Id.
 
 However, the
 
 Sheldon
 
 court also recognized that a fundamentally fair arbitration hearing requires notice, opportunity to be heard and to present relevant and material evidence and argument before the decision makers, which opportunities the claimant had received in the proceedings at issue therein.
 
 Sheldon,
 
 269 F.3d at 1207.
 

 Moreover, the Sheldon court stated that as a general matter, a party should be granted an opportunity to amend his claims prior to a dismissal with prejudice.
 
 Sheldon,
 
 269 F.3d at 1207 n. 5. Noting that prior to the dismissal with prejudice, the claimant had been given the opportunity to amend his pleadings both in the district court and in the arbitration proceeding and that none of his amended pleadings cured the deficiencies in his claims, the court affirmed the dismissal.
 
 Sheldon,
 
 269 F.3d at 1207 n. 5.
 

 |flWe agree with
 
 Sheldon
 
 that NASD Rule 10303(a) does not preclude an arbitration panel from granting a motion to dismiss an arbitration claim that is facially deficient in a pre-hearing telephonic conference under appropriate circumstances.
 
 See Sheldon,
 
 269 F.3d at 1206. However, we also agree that a fundamentally fair arbitration hearing requires, at a minimum, notice, opportunity to be heard and to present relevant and material evidence and oral argument before the decision makers.
 
 See Sheldon,
 
 269 F.3d at 1207. Moreover, a party should be granted an opportunity to amend his claims to state a cognizable claim, if he can do so, prior to being dismissed with prejudice.
 
 See Sheldon,
 
 269 F.3d at 1207 n. 5.
 

 In the instant matter, we note that Ms. Pennington timely raised her objections to the panel in her brief.
 
 [3]
 
 While the record before us shows that Ms. Pennington was afforded the opportunity to brief
 
 *178
 
 her opposition to the defendants’ motion to dismiss and to present oral argument at the pre-hearing telephonic conference, it does not indicate whether Ms. Pennington was granted the opportunity to amend her pleadings prior to the dismissal of her claims with prejudice or to present evidence establishing the nature of her claims, which we deem necessary to determine the prescriptive periods applicable to each. In light of
 
 Sheldon
 
 and the particular circumstances reflected in the record, we find that Ms. Pennington has demonstrated that the arbitration panel acted improperly and that the panel’s conduct prejudiced her rights. At a minimum, fundamental fairness requires that parties be given the opportunity to present evidence, which in this case is clearly necessary to establish the precise nature of Ms. Pennington’s various claims and to determine the applicable prescriptive periods thereto. Further, we agree that fundamental fairness requires that she be granted the | ^opportunity to amend her pleadings to cure any deficiencies prior to dismissal of claims with prejudice at a pre-hearing telephone conference. Finding merit to this assignment of error, we specifically preter-mit review of Ms. Pennington’s other assignments of error concerning the appropriate Louisiana prescriptive periods or whether application of an erroneous period falls within one of the statutory grounds for vacating an arbitration award.
 

 MOTIONS TO SUPPLEMENT
 

 Defendants allege that the losses at issue were attributable to other factors, including a “bear market” and/or Ms. Pennington’s conduct in moving monies back and forth between accounts through a series of transfers and exchanges which occurred, citing transfer orders for her accounts. On appeal, the defendants filed a motion to supplement the record with three exhibits in support which they allege were “mistakenly omitted” by Ms. Pennington when she filed her motion to vacate in the district court. Pretermitting whether Ms. Pennington was responsible for ensuring that defendants’ exhibits were presented to the district court, we deny the defendants’ motion to supplement, as these exhibits were not introduced in nor considered by the district court. Thus, we are precluded from considering them on appeal.
 
 Guilbeau v. Custom Homes by Jim Fussell, Inc.,
 
 2006-0050 (La.App. 1st Cir.11/3/06), 950 So.2d 732, 735.
 

 Ms. Pennington also filed an unopposed motion to supplement her brief, styled as a “Motion to Supplement Record on Appeal,” essentially seeking to supplement her earlier briefed arguments on the applicability of Louisiana prescriptive periods to NASD arbitration proceedings. In light of our decision on appeal, we deny as moot the appellant’s second motion to supplement.
 

 CONCLUSION
 

 For the foregoing reasons, we reverse the district court’s judgment and grant Ms. Pennington’s motion to vacate the arbitration award. We remand the matter tojnthe district court for further proceedings, ordering a remand for further proceedings before an arbitration panel, consistent with the views expressed herein. The motion to supplement filed by appellant, Mary P. Pennington, is denied as moot. The motion to supplement filed by appellees, CUNA Brokerage Securities, Inc. and Brad F. Fortier, is denied at appellees’ costs. All other costs of these proceedings are assessed against the defendants/appellees, CUNA Brokerage Securities, Inc. and Brad F. Fortier.
 

 APPELLANT’S MOTION TO SUPPLEMENT DENIED AS MOOT; AP-PELLEES’ MOTION TO SUPPLE
 
 *179
 
 MENT DENIED; REVERSED AND REMANDED, WITH ORDER.
 

 [1]
 

 . The NASD has changed its name to Financial Industry Regulatory Authority, Inc. ("FINRA”). For consistency, FINRA will be referred to as NASD herein.
 

 [2]
 

 . In addition to citing NASD Rule 10303(a), the dissenting arbitrator stated that LSA-C.C. art. 3499, Louisiana’s ten-year prescriptive period, applies to personal actions.
 

 [3]
 

 . In
 
 In re Arbitration Between U.S. Turnkey Exploration, Inc. and PSI, Inc.,
 
 this court stated that as a general rule, a party must object to arbitrator misconduct at the hearing when he knows the reasons supporting the objection before such objection will be considered.
 
 U.S. Turnkey,
 
 577 So.2d at 1135. Although there is no transcript of the pre-hearing conference, Ms. Pennington's attorney clearly raised her objections in her brief, which does appear of record.