HIGGINBOTHAM, J.'
lain this matter, a law firm, Preis Gordon, challenges the district court’s confirmation of an arbitration ruling in favor of its clients, Jacob Chandler and Great Southern Holdings L.L.C. The arbitration ruling denied Preis Gordon’s claims for legal fees associated with its legal representation of the clients, and awarded the clients attorney fees, court costs, and expert fees, as the prevailing party in the arbitration. •
FACTS AND PROCEDURAL HISTORY
In 2005, Jacob Chandler retained the services of Preis Gordon, APLC to represent him in a suit that Douglas Broussard, his business partner, filed against him and their jointly owned business Great Southern Coins, L.L.C. On November 22, 2005, Chandler and Great Southern Holdings, L.L.C. (the -defendants) entered into a written agreement containing a “Fee Contract” with Preis Gordon whereby the defendants’ retained. Preis Gordon to defend the claim filed-by Broussard against Chandler, and to act for and on behalf of the defendants in pursuing recovery from any and all parties concerned or involved in the litigation entitled “Douglas Broussard v. Jacob Chandler and Great Southern Coins, LLC” (the Broussard litigation).
The Fee Contract was divided into two parts. Part I provided for the outstanding balance due as of November 3, 2005, and the manner in which it was to be paid. Part II provided that the parties desired to change "the compensation effective November 3, 2005 in accordance, with Part II of the fee agreement. In that section of the agreement, the parties agreed that, in consideration of the services to be rendered by Preis Gordon, the clients would pay fifty percent of any recovery received from the reconventional demand filed on their behalf, and that if nothing is recovered on said claim, Preis Gordon shall receive no compensation for services rendered, other than the amount set forth in Part I.
Following the execution of the contract, the litigation became complex and necessitated Preis Gordon appeal, on behalf of the defendants, a ruling of’the district | ¡¡court iñ Broussard’s favor that prevented Chandler from receiving the assets of the company. The defendants, through the representation of Preis Gordon, were successful in having the ruling of the-district court reversed by this court and by the supreme court. See Douglas Broussard v. Jacob *34 Chandler and Great Southern Coins, LLC, 06-1958, 2007 WL 2482494 (La.App 1st Cir. 9/5/07), writ denied, 07-2421 (La.2/15/08), 976 So.2d 179.
Ultimately, with the assistance of Preis Gordon, the defendánts and Broussard negotiated a partial settlement of their' outstanding disputé, whereby Chaiidler would take the remaining inventory of coins and assume responsibility for the payment of the outstanding indebtedness of Great Southern to various vendors.
After the settlement agreement, Preis Gordon notified Chandler that the firm had been required to render services for them- beyond the reconventional demand, and those services were therefore, outside the scope of the contingency fee agreement. When Chandler refused to pay, Preis Gordon fifed a petition against' the defendants in the district court seeking payment of legal fees at its hourly rate for its representation of the defendants in the Broussard litigation. In response, the defendants filed a dilatory exception of prematurity, requesting the referral of the fee dispute to arbitration in accordance with the arbitration clause in the November 22, 2005 Pee Contract. After a hearing before the district court on May 21, 2012, the parties stipulated that the fee dispute should be submitted to arbitration in accordance with the Fee Contract. According to both the defendants and Preis Gordon, they agreed to privately arbitrate the fee dispute..
On September 18, 2014, the matter was presented to the arbitrator. After the hearing, the arbitrator denied the claims, of Preis Gordon and determined that-compensation for Preis Gordon's legal work for Chandler, despite being of the “highest quality”, was goyerned by Part II of the Fee Contract between them, and the Fee Contract “does seem to indicate ... that the contingency fee covers all work connected |4to the dispute between Chandler and Broussard.” Further, naming the defendants as the prevailing party, the arbitrator awarded attorney fees totaling $40,559.80 and expert witness fees totaling $2,050.00 to the defendants, Chandler and Great Southern Coins, LLC.
After the ruling of the arbitrator, Preis Gordon filed with the district court a petition to vacate the arbitration award that was in favor of the defendants, and the defendants fifed a motion to confirm the arbitration award, both of which were heard by the district court on December 15, 2014. After the hearing, on January 12, 2015, the district court denied Preis Gordon’s petition to vacate the arbitration award, adopted the defendants’ memorandum, and confirmed the arbitration award. The district court also ordered counsel for the defendants to submit a written judgment for the court’s signature,
On March 4, 2015, the defendants filed a “Final Judgment” in accordance with the district court’s January 12, 2015 order, which was signed on March 8, 2015. In the March 8, 2015 judgment, Preis Gordon was- further ordered to páy $6,910.00 in attorney fees and $347.00 in court costs incurred to confirm the arbitration award.
On March 5, 2015, Preis Gordon also filed a “Final Judgment” in accordance with the district court’s ruling, which was signed on March 10, 2015. Out of, an abundance of caution, Preis Gordon appealed. from both judgments signed .by the district court. The March 8, 2015 (judgment is properly before this court on appeal-.[1]
*35 | sIn its appeal, Preis Gordon challenges only the ruling of the arbitrator and district court — that the defendants were the prevailing party under Section 10 of thte Fee Contract, and as the prevailing party were entitled to attorney fees, expert witness fees, and costs. Preis Gordon contends that in so ruling, the arbitrator exceeded his authority because he determined that the legal services provided by Preis Gordon, including the extensive appellate work, had no value, and ignored the law regulating payment of fees between a client and attorney where the formulation of these rules are within the sole province of the' Louisiana Supreme Court. Additionally, Preis Gordon argues that there is nothing in' the fee agreement between the defendants and Preis Gordon that, would allow for the'arbitrator to award attorney fees to the defendants.
The defendants answered the appeal seeking an award of legal interest on the arbitrator’s award from October 10, 2014, until paid and an award of legal interest from the date of the district court’s judgment until paid on the district court’s award of attorney’s fee and costs incurred by defendants as the prevailing party at the district court level. Further, the defendants request an award of damages, including attorney fees, contending that Preis Gordon’s appeal was frivolous and taken solely for the purpose of delaying payment of the arbitrator’s award..
LAW AND ANALYSIS

PREIS GORDON’S APPEAL

Arbitration is a mode of resolving differences through the investigation and determination by one or more individuals appointed for that purpose. The object of arbitration is the speedy disposition of differences through informal procedures without resort to court action. Firmin v. Garber, 353 So.2d 975, 977 (La.1977). Arbitration awards are presumed to be valid and must be affirmed unless grounds for vacating, modifying, or correcting the award are established by the party attacking the award. National Tea Co. v. Richmond, 548 So.2d 930, 933 (La.1989). Since arbitration is a substitute for litigation, judges are not entitled to substitute their judgment for that, of |sthe arbitrators chosen by the parties. National Tea Co., 548 So.2d at 933. Errors of fact or law do not invalidate a fair and honest arbitration award. National Tea Co., 548 So.2d at 932.
The exclusive grounds for vacating an arbitration award in Louisiana are set forth in La. R.S. 9:4210, which provides in pertinent part:
In any of the following cases the court in and for the parish wherein the award ■'’was made shall issue an order vacating the award upon the application of any party to the arbitration.
A. Where the award was procured by corruption, fraud, or undue means. .
*36 B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.
D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. (Emphasis added.)
Also, La. R.S. 9:4211 provides:
In any of the following cases the court in and for the parish wherein the award was made shall issue an order modifying or correcting the award upon the application of any party to the arbitration.
A.Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
B. Where the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted.
C. Where the award is imperfect in matter of form not affecting the merits of the controversy.
The order shall modify and correct the award so. as to effect the intent thereof and promote justice between the parties. (Emphasis added.)
|7It is well settled that a district court ordinarily does not sit in an appellate capacity when reviewing an arbitration award, but confines its determination to whether there exists one or more of the specific grounds provided by statute to vacate. MMR-Radon Constructors, Inc. v. Continental Ins. Co., 97-0159 (La.App. 1st Cir.3/3/98), 714 So.2d 1, 5, writ denied, 98-1485 (La.9/4/98), 721 So.2d 915.
This court has generally adhered to the exclusivity of the. statutory provisions and has not embraced the additional jurisprudentially-created circumstance of “manifest disregard for the law” as a legal basis for vacating an arbitration award. JK Developments, LLC v. Amtek of Louisiana, Inc., . 07-1825 (La.App. 1st Cir.3/26/08), 985 So.2d 199, 202, writ denied, 08-0889 (La.6/20/08), 983 So.2d 1276. Moreover, 'an appellate court’s function is to determine if the arbitration proceedings have been fundamentally fair. Pennington v. CUNA Brokerage Sec., Inc., 08-0589 (La.App. 1st Cir.10/1/08), 5 So.3d 172, 176, writ denied, 08-2600 (La.1/9/09), 998 So.2d 723. The burden of proof rests upon the party attacking the award. Hill v. Cloud, 26,391 (La.App. 2 Cir. 1/25/95), 648 So.2d 1383, 1388, writ dismissed, 95-0486 (La.3/17/95), 651 So.2d 260.
Arbitration is a matter of contract, and a party cannot be required to submit to arbitration any dispute to which he has not so agreed. The authority of an arbitrator to resolve disputes is derived from the parties’ advance agreement to submit such grievances to arbitration. AT & T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 648-49, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986).
Louisiana Civil Code article 3122 provides that the authority of arbitrators extends ohly to the things contained in the submission, unless it has been stated that they shall have power tó decide all disputes which may arise between the parties in the course of the arbitration.- Thus, an *37 arbitration award must conform .to the submission.
Preis Gordon contends that in accordance with La. R.S. 9:4210(D), the arbitrator’s award should be vacated because the arbitrator exceeded his power. Preis Gordon | ^points out that there is nothing in the fee agreement between the defendants and Preis Gordon that would allow for arbitration of attorney fees to be awarded to. the defendants, and absent a provision in the contract, attorney fees are not allowed to be recovered by the defendants.
Section 10 of the Pee Contract signed by Preis Gordon and the defendants, provides for arbitration in the case of a dispute over fees, and the stipulation for arbitration in the district court requested “arbitration in accordance with the Fee Contract dated November 22, 2005.” Section 10 states:
In the event of any dispute or disagreement concerning this agreement, Client agrees to submit to arbitration by the Louisiana State Bar Association Lawyer Dispute Resolution Program. Client further agrees that any award by arbitrator shall include the costs and expenses of the arbitration, including attorneys’ fees actually incurred (if the Law Firm represents itself, Law Firm shall record all fees and charges as they would otherwise accrué in the representation of a third party). In the event Client does not comply with' the arbitrator’s decision and satisfy an award within thirty (30) days of the rendering of a decision, and the Law Firm is required to seek judicial enforcement of the award, Law Firm shall be entitled to recover, as well, ten percent (10%) of the whole amount awarded (plus costs, expenses, and attorneys’ fees) as a penalty in accordance .with La. Civ.Code Art. 3106. (Emphasis added.)
Nothing in Section 10 provides for the arbitration of attorney fees and expenses payable to the defendants. This section is clear that if Preis Gordon is required to pursue the defendants for attorney fees, any award to Preis Gordon should also include its costs and expenses of the arbitration, including attorney fees — but not those of the defendants.
Preis Gordon never agreed to submit to arbitration the issue of attorney fees in favor of the defendants. Further, in his ruling that the defendants should be entitled to attorney fees, the arbitrator used as his authority for doing so. that “[t]he Contract provides that the prevailing party- can recover [his] attorneys’ fees.” There is no such provision in the contract, nor is there any provision in the contract that allowed for the arbitrator’s award of attorney fees to the defendants.'
bThe award of attorney fees to the defendants was beyond the scope of the agreement between Preis Gordon and the defendants. That matter was not submitted to the arbitrator; consequently, the arbitrator exceeded his powers in awarding attorney fees to Chandler.
For these reasons, the district court erred by confirming the portion of the arbitrator’s ruling that awarded attorney fees and expert witness fees to the defendants, where this was not provided for in the parties’ contract or their arbitration agreement. Therefore, we vacate the portion of the district court judgment awarding attorney fees to the defendants in the amount of $40,559.80 and expert witness fees in.the amount of $2,050.00.
Additionally, the portion of the judgment signed by the district court awarding $347.00 in cost and $6,910.00 in attorney fees to the defendants as the prevailing party of the motion to confirm the arbitration award, is vacated. Louisiana law is clear that attorney fees are not due and owing a successful litigant unless *38 specifically authorized by statute dr contract. Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc., 449 So.2d 1014, 1015 (La.1984); Killebrew v. Abbott Laboratories, 359 So.2d 1275, 1278 (La.1978). In the instant case, the Fee Contract did not provide for attorney fees for Chandler, and we know of no statue, nor have the defendants cited any, to support that award of attorney fees.

THE DEFENDANTS’ ANSWER TO THE APPEAL

The defendants answered the appeal seeking an award of legal interest: on the arbitrator’s award from October 10, 2014 until paid, and an award of legal interest from the date of the district court’s judgment until paid on the district court’s award of attorney fees and costs incurred by defendants as the prevailing party at the district court level. In their request for confirmation of the arbitrator’s award with the district, court,.the defendants requested a judgment in conformance with the arbitrator’s ruling, as well as all costs and interest. Having found error in the trial court’s confirmation of 11flthe portion of the judgment awarding attorney fees, we find no merit to the defendants’ answer to the appeal
CONCLUSION
For the reasons assigned, the March 8, 2015 judgment of the district court is vacated insofar as it awards attorney fees, court costs, and expert witness fees in favor of the defendants against Preis Gordon.[2] All costs of this proceeding are assessed to Jacob Chandler and Great Southern Holdings, LLC,
JUDGMENT VACATED AS TO ALL ATTORNEY FEES, COURT COSTS, AND EXPERT WITNESS FEES.
PETTIGREW, J., concurs.

. This court, ex proprio motu, issued a rule to show cause ordering that the parties show cause by briefs as to what judgment is properly before this court. The rule to show cause was referred to the panel to which the appeal was assigned. Preis Gordon, APLC v. Jacod *35 Chandler and Great Southern Holdings, LLC, 15-0958 (La.App. 1st Cir,10/19/2015) (unpublished writ action).
Louisiana jurisprudence provides that when a trial judge signs a judgment and then signs another, the second judgment is an absolute nullity and without legal effect. The usual remedy applied by an appellate court that finds an amendment made of substance in a judgment is to annul and set. aside the amend-tag judgment and reinstate the original judgment. Hebert v. Blue’s Auto and Truck Parts, 00-2154 (La.App. 1st Cir.12/28/01), 804 So.2d 953, 956, writ denied, 02-0272 (La.3/28/02), 812 So.2d 635. For these reasons, we set aside the March 10, 2015 judgment and reinstate the March 8, 2015 judgment and find that the March 8, 2015 judgment is the only judgment properly before this court on appeal.

. The award of attorney fees and expert witness fees was the only issue before us on appeal; therefore, we express no opinion as to the remaining provisions in the March 8, 2015 judgment.